R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Alexander Stross*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Alexander Stross,<br><br>Plaintiff,<br><br>v.<br><br>Vox Media, Inc. and Does 1-10,<br><br>Defendants. | **Case No.:** |

## COMPLAINT AND JURY DEMAND

Plaintiff, Alexander Stross, ("Plaintiff"), by his undersigned attorneys, Rath, Young and Pignatelli, P.C., for his complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202.

2.      Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3.      Plaintiff is an individual doing business as a professional photographer with an address at 6704 Manchaca Road, No. 23, Austin, Texas, 78745.

4.      Upon information and belief, defendant Vox Media, Inc. ("Vox Media") is a Delaware corporation that does business at 104 West 40th Street, New York, New York 10003.

5.      Defendants Does 1 through 10 ("Doe Defendants" and together with Vox Media, collectively, "Defendants") are currently unknown to Plaintiff and, as such, are identified in this action with fictitious names.  Upon information and belief, each of the Doe Defendants are legally responsible at least in part for the events and actions constituting the conduct damaging Plaintiff.  Plaintiff will seek leave of Court to amend this complaint to identify and include the actual names and capacities of the Doe Defendants after Plaintiff obtains such information.

## JURISDICTION AND VENUE

6.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

7.      Personal jurisdiction over Defendants is proper.  Defendants are conducting business in and committing torts in this state, including without limitation Defendants' copyright infringement, which causes harm in this state and judicial district.

8.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial

district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Business**

9.      Plaintiff is a professional photographer based out of Texas and creates and licenses photographic images for various uses.

10.      Plaintiff is known for his architectural and landscape photography, through which a reverence for a sense of place permeates.  His work is informed from his growing up in Austin, Texas, watching a small city grow and develop into an urban hot spot complete with skyscrapers and an artistically aligned population.

11.      Plaintiff was nominated and accepted as a professional member of the American Society of Media Photographers in 2016 after many years of being a professional photographer, a high honor.

12.      Plaintiff's intellectual property is very important to his livelihood.

13.      As a result, he typically includes copyright management information in the metadata of his works.

14.      Plaintiff is the original author of the twenty-four (24) photographic images which are at issue in this litigation (the "Copyrighted Works"), copies of which are attached hereto as Exhibit A.

15.      As the original author, Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Works.

16.      The Copyrighted Works have been registered with United States Copyright Office.

17.      The photographic images referred to as Interior-3, Interior-4, Interior-6,

Interior-7, Interior-12, Interior-14, Interior-17, Interior-18, Interior-20, Interior-21, and 1B3A0134-Edit are covered by Registration No. VAu 001201815, which was obtained on February 10, 2015. A copy of Registration No. VAu 001201815 is attached hereto at Exhibit B.

18.     The photographic images referred to as Exterior-2, Exterior-3, Exterior-6, Exterior-7, Oakland_new00003 and Oakland_new00010 are covered by the Registration No. VAu 001219537, which was obtained on July 7, 2015. A copy of Registration No. VAu 001219537 is attached hereto at Exhibit C.

19.     The photographic image referred to as !_–_616_Oakland_Ave_in_2006 are covered by Registration No., VAu 000989644, which was obtained on December 15, 2008. A copy of Registration No. VAu 000989644 is attached hereto as Exhibit D.

20.     The photographic images referred to as !_616_Oakland_Ave_in_2006-2, !_–_616_Oakland_Ave_in_2006-33 and !_-_616_Oakland_Ave_in_2006-34 are covered by Registration No. VAu 1103498, which was obtained on April 9, 2010. A copy of Registration No. VAu 1103498 is attached hereto as Exhibit E.

21.     The photographic images referred to as 616_Oakland_8_11_2015-1, 616_Oakland_8_11_2015-3, 616_Oakland_8_11_2015-4, 616_Oakland_8_11_2015-5, and 616_Oakland_8_11_2015-11, are covered by Registration No. VAu 001216750, which was obtained on August 12, 2015. A copy of Registration No. VAu 001216750 is attached hereto as Exhibit F.

22.     Plaintiff owns all rights, title, and interests, including copyrights, in and to the Copyrighted Works.

**B.      Defendants' Unlawful Activities**

23.      Upon information and belief, Vox Media owns, operates, or participates in the operation of a number of websites, including one located at the URL http://www.curbed.com, where it publishes articles about home design, interior design, architecture, home technology, renovations, and real estate, that use high quality photographic images, such as those belonging to Plaintiff, to draw internet users to visit and remain at its websites, thus profiting from advertising revenue that grows as its viewership grows.

24.      Plaintiff has discovered that Vox Media is and has been infringing Plaintiff's exclusive copyrights in the Copyrighted Works.

25.      Specifically, Plaintiff discovered the Copyrighted Works being reproduced, distributed, and publicly displayed at websites located at the following websites (herein after the "Infringing Websites"):

- https://cdn.vox-cdn.com/thumbor/sVE8MhdVzJRLG6GtPYtoWtX_xWA=/0x0:660x415/920x0/filters:focal(0x0:660x415):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/4463277/home-renovation_130815_02.0.jpg
- https://cdn.vox-cdn.com/thumbor/mHFktu8sbI5IrXRSSpayJSWA1XE=/800x0/filters:no_upscale()/cdn.vox-cdn.com/uploads/chorus_asset/file/4463281/home-renovation_130815_12-800x533.0.jpg
- https://cdn.vox-cdn.com/thumbor/lcWccWJ6YMAiWeYjTd5KWCYzpcI=/800x0/filters:no_upscale()/cdn.vox-cdn.com/uploads/chorus_asset/file/4463283/home-renovation_130815_13-800x395.0.jpg
- https://cdn.vox-cdn.com/thumbor/jHR8Jx62wwqtEMybRX6plr3h3EY=/800x0/filters:no_upscale()/cdn.vox-cdn.com/uploads/chorus_asset/file/4463285/home-renovation_130815_14-800x396.0.jpg
- https://cdn.vox-cdn.com/thumbor/YWFLKgJ1n4LPueBuj4LDmEisoLE=/800x0/filters:no_upscale()/cdn.vox-cdn.com/uploads/chorus_asset/file/4463289/home-renovation_130815_17-800x622.0.jpg
- https://cdn.vox-

cdn.com/thumbor/mWnfo2J150CnGyG3T43tdj31hbI=/800x0/filters:no_upscal
e()/cdn.vox-cdn.com/uploads/chorus_asset/file/4463291/home-
renovation_130815_21-800x609.0.jpg

- https://cdn.vox-
  cdn.com/thumbor/xOv_x96d2rWR71QwEVqQHugpP0Q=/800x0/filters:no_u
  pscale()/cdn.vox-cdn.com/uploads/chorus_asset/file/4463293/home-
  renovation_130815_24-800x533.0.jpg
- https://cdn.vox-
  cdn.com/thumbor/bzFWQ8VFT6wr8ICNDbzdxTMUTYM=/800x0/filters:no_
  upscale()/cdn.vox-cdn.com/uploads/chorus_asset/file/4463295/austin.0.jpg
- https://cdn.vox-
  cdn.com/thumbor/da0RQQdGSNmOAMLni9V9zb89B6k=/800x0/filters:no_u
  pscale()/cdn.vox-cdn.com/uploads/chorus_asset/file/4463297/home-
  renovation_130815_28-800x406.0.jpg
- https://cdn.vox-cdn.com/thumbor/ynhfSuf3SrO01q4EaF-
  s1wPNAVA=/800x0/filters:no_upscale()/cdn.vox-
  cdn.com/uploads/chorus_asset/file/4463299/home-renovation_130815_29-
  800x650.0.jpg
- https://cdn.vox-
  cdn.com/thumbor/01XDvn8N3pTqCRc_PYxvBLgTlhA=/800x0/filters:no_ups
  cale()/cdn.vox-cdn.com/uploads/chorus_asset/file/4463301/home-
  renovation_130815_30-800x620.0.jpg
- https://cdn.vox-cdn.com/thumbor/-
  XoZEzP5gWW386qReBTVpWqYRJQ=/800x0/filters:no_upscale()/cdn.vox-
  cdn.com/uploads/chorus_asset/file/4463303/home-renovation_130815_31-
  800x918.0.jpg
- https://cdn.vox-cdn.com/thumbor/PMDU7TDnIDKr_e3uLSOxO-
  i2gHA=/800x0/filters:no_upscale()/cdn.vox-
  cdn.com/uploads/chorus_asset/file/4463305/home-
  renovation_130815_01.0.jpg
- https://cdn.vox-
  cdn.com/thumbor/DCQvWRREtIco2R1Z5ZUpcAXVklo=/800x0/filters:no_up
  scale()/cdn.vox-cdn.com/uploads/chorus_asset/file/4463307/home-
  renovation_130815_11-800x265.0.jpg
- https://cdn.vox-cdn.com/thumbor/NT8o6vwVShnL_IR-
  8l_g8MWpokk=/800x0/filters:no_upscale()/cdn.vox-
  cdn.com/uploads/chorus_asset/file/4463309/home-renovation_130815_16-
  800x298.0.jpg
- https://cdn.vox-
  cdn.com/thumbor/zlxonKCYwvtCkOdWBK8732J0J_4=/0x0:1022x1024/920x
  0/filters:focal(0x0:1022x1024):format(webp)/cdn.vox-
  cdn.com/uploads/chorus_asset/file/6159223/6922034-residential-1nu892m-
  l.jpg
- https://cdn.vox-
  cdn.com/thumbor/p0YooVrrGmU3Iv2cep6a2UIF630=/0x0:683x1024/920x0/f
  ilters:focal(0x0:683x1024):format(webp)/cdn.vox-

cdn.com/uploads/chorus_asset/file/6159235/6922034-residential-1umrwtn-l.jpg
- https://cdn.vox-cdn.com/thumbor/mjyifmBEXNr3yrkFP4vFmRfEoh0=/0x0:1024x682/920x0/filters:focal(0x0:1024x682):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/6159237/6922034-residential-uxrvpx-l.jpg
- https://cdn.vox-cdn.com/thumbor/l0uDcCYZ5N6IfYM--2aLAFtelBc=/0x0:1024x883/920x0/filters:focal(0x0:1024x883):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/6159241/6922034-residential-1c66vmg-l.jpg
- https://cdn.vox-cdn.com/thumbor/o0YxAFH_KEpTLEo5GbqUfZlWKss=/0x0:1024x682/920x0/filters:focal(0x0:1024x682):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/6159243/6922034-residential-3jwqpm-l.jpg
- https://cdn.vox-cdn.com/thumbor/m2nrRiVObNXQXCcsdEvuLOR4ji8=/0x0:1024x796/920x0/filters:focal(0x0:1024x796):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/6159249/6922034-residential-16oqcy0-l.jpg
- https://cdn.vox-cdn.com/thumbor/JEIc9TcjNmy2wYjPXK0NHIGo6kQ=/0x0:1024x779/920x0/filters:focal(0x0:1024x779):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/6159253/6922034-residential-1p0zzzz-l.jpg
- https://cdn.vox-cdn.com/thumbor/rL-lxJjldbQNSyOxAlVhcrv34lg=/0x0:1024x509/920x0/filters:focal(0x0:1024x509):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/6159257/6922034-residential-k1m26v-l.jpg
- https://cdn.vox-cdn.com/thumbor/fKZLdbJdjNnTzdoVqGIQR__WAXE=/0x0:1024x1024/920x0/filters:focal(0x0:1024x1024):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/6159303/6922034-residential-et9bs5-l.jpg
- https://cdn.vox-cdn.com/thumbor/fgTSqCZME0qN2zLfU8aMXJQK2f8=/0x0:1024x683/920x0/filters:focal(0x0:1024x683):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/6159307/6922034-residential-13uyqv7-l.jpg
- https://cdn.vox-cdn.com/thumbor/cRYdMv4v4fw6aZfJbKPRdT1dIR0=/0x0:1024x795/920x0/filters:focal(0x0:1024x795):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/6159269/6922034-residential-oo73cl-l.jpg
- https://cdn.vox-cdn.com/thumbor/r-vi2312i8ZXsS0jt7H7LzlL--o=/0x0:1024x520/920x0/filters:focal(0x0:1024x520):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/6159271/6922034-residential-1g8vbcg-l.jpg
- https://cdn.vox-cdn.com/thumbor/6FrAGwaOkH2yFH8WF2s7VBjMnVg=/0x0:1024x792/920

x0/filters:focal(0x0:1024x792):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/6159273/6922034-residential-17j50r3-l.jpg

- https://cdn.vox-cdn.com/thumbor/agKLCKwpr0RGwRKtWY7cRYGV-xc=/0x0:1024x831/920x0/filters:focal(0x0:1024x831):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/6159275/6922034-residential-k9ohqw-l.jpg
- https://cdn.vox-cdn.com/thumbor/ssXsA2UtED8HVoI9HoK9rmukJ3Y=/0x0:892x1024/920x0/filters:focal(0x0:892x1024):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/6159277/6922034-residential-165ttxe-l.jpg

26.     Screenshots of infringements of the Copyrighted Works are attached hereto as Exhibit G.

27.     Upon information and belief, each and every one of the infringing websites are owned or operated by defendant Vox Media.

28.     Upon information and belief, Vox Media or the Doe Defendants located the Copyrighted Works on the internet and, without authorization from Plaintiff, first downloaded the Copyrighted Works to computer systems owned or operated by one or more of the Defendants and then uploaded the Copyrighted Works to the Infringing Websites, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing and publicly displaying the Copyrighted Works.

29.     Upon information and belief, Defendants are each responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Works.

30.     Defendants' reproduction, distribution, and public display of Plaintiff's Copyrighted Works are without Plaintiff's authorization.

31.     Defendants' unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Works are knowing and willful and in reckless disregard of Plaintiff's rights.

## FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement)

32.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

33.     The Copyrighted Works are Plaintiff's original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

34.     Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Works, Vox Media or the Doe Defendants had access to the Copyrighted Works prior to the creation of the Infringing Websites.

35.     By their actions, as alleged above, Vox Media and the Doe Defendants have infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Works.

36.     Upon information and belief, the infringement by Defendants is willful and deliberate and Defendants have profited at the expense of Plaintiff.

37.     As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive copyrights in the Copyrighted Works, Plaintiff is entitled to recover his actual damages resulting from Defendants' uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

38.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

39.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to

the infringing reproduction, distribution, and public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

40.     Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

41.     Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.


**SECOND CLAIM FOR RELIEF**
**(Contributory Copyright Infringement)**

42.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

43.     As an alternative theory to his direct infringement claim, in the event defendant Vox Media or any of the Doe Defendants contend the infringing conduct described above is done by another, defendant Vox Media and the Doe Defendants had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

44.     By their actions, as alleged above, Defendants' foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

45.     Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Defendants have profited at the expense of Plaintiff.

46.     As a direct and proximate result of Defendants' contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Works, Plaintiff is entitled to recover his actual damages resulting from Defendants' uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

47.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

48.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

49.     Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

50.     Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

51.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

52.     As an alternative theory to his infringement claims above, to the extent any of the Defendants contend they did not directly infringe or contributorily infringe Plaintiff's copyrights, Defendants each had the right or ability to control the direct infringement

described above.

53.     As a result of each Defendants' right or ability to supervise the direct

infringement described above, Defendants could have prevented or stopped the direct

infringement but did not take any action to do so.

54.     Defendants each had a direct financial interest in the reproduction, distribution

and public display of the Copyrighted Works and each Defendant benefitted from that direct

infringement.

55.     As a direct and proximate result of Defendants' vicarious infringement of

Plaintiff's copyrights and exclusive rights in the Copyrighted Works, Plaintiff is entitled to

recover their actual damages resulting from Defendants' uses of the Copyrighted Works

without paying license fees, in an amount to be proven at trial.

56.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff

shall be entitled to recover damages based on a disgorgement of Defendants' profits from

infringement of the Copyrighted Works, which amounts will be proven at trial.

57.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum

statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to

the infringing reproduction, distribution, and public display of the Copyrighted Works, or

such other amounts as may be proper under 17 U.S.C. § 504(c).

58.     Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant

to 17 U.S.C. § 505.

59.     Defendants' conduct has caused and any continued infringing conduct will

continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no

adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.      A declaration that Defendants have infringed Plaintiff's copyrights under the Copyright Act;

2.      A declaration that such infringement is willful;

3.      An accounting of all revenue earned by Defendants resulting from his reproduction, distribution or display of the Copyrighted Works, or any portion or derivation of the Copyrighted Works;

4.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6.      Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.      A declaration that Defendants violated the Digital Millennium Copyright Act by intentionally providing and distributing false copyright management information to conceal infringement;

8.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

9.      Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Works or to participate or assist in any such activity; and

10.     For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 7, 2018

Respectfully submitted,

By: */s/R. Terry Parker*
R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Alexander Stross*